UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

PATRICIA KENNEDY, Individually,

    Plaintiffs,

v.                          Case No.

TERRACE PROPERTIES PARTNERS, LTD, a
Florida Limited Partnership,

    Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, PATRICIA KENNEDY, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, TERRACE PROPERTIES PARTNERS, LTD, a Florida Limited Partnership,, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.     Plaintiff is sui juris and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient

width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Plaintiff relies on handrails to climb and descend ramps. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2. For many years, Plaintiff was a resident of Broward County, Florida. As such Plaintiff, has traveled to the Middle District of Florida, inclusive of Lakeland, Florida numerous times and continues to travel to the area frequently. Plaintiff recently signed a lease to reside in Volusia County, Florida, and is in the process of relocating to this area. As a new resident in this area, Plaintiff intends to increase her frequency of travel to Lakeland.

3. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

4. According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a lodging known as the Terrace Hotel, located at 329 E, Main Street, Lakeland Florida, and is located in Polk County.

5. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

**COUNT I - VIOLATIONS OF THE ADA - PHYSICAL PREMISES**

7. As the owner of the subject premises, Defendant is required to comply with the ADA. According to the county records, this facility was constructed prior to January 26, 1993 ("pre-existing facility"), and Defendant was thereby under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the

extent that the property, or portions thereof, were constructed or altered after to January 26, 1993 ("newly constructed facility"), the Defendant was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the 1991 or 2010 ADA Standards to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the 1991 or 2010 ADA Standards to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

8. A preliminary inspection of The Terrace Hotel has shown that violations exist. These violations include, but are not limited to:

(a) There is no compliant area for wheelchair patrons to embark or disembark from their vehicles at the Valet Parking area.

(b) In the self parking area, there are no handicap parking spaces. The asphalt is broken and cracked and has loose gravel. The route from this area to the entrances of the hotel has a non-compliant ramp, with no handrails and steep side flares.

(c) The principal entrances to the hotel have steps, with no signage directing wheelchair patrons to the only ramp serving the hotel.

(d) To access the ramp serving the hotel, wheelchair patrons must traverse a curb ramp, which is obstructed at the bottom by a lamp post and has no level landings either at the top or the bottom.

(e)   The ramp leading to the entrance has handrails that lack required extensions at the top and bottom.

(f)   There is no lowered portion of the check in counter.

(g)   The hotel has a "Terrace Grill" that is primarily served by steps. To access this premises, it is necessary for wheelchair patrons to travel all the way around the hotel and enter it from the inside.

(h)   The elevator is too small for wheelchair maneuvering.

(i)   In the lobby restroom, one commode grab bar is obstructed by stored items. The toilet seat dispenser and coat hook are too high. The sink is inaccessible because it has unwrapped pipes.

(j)   In the "accessible" guest room, the commode side grab bar was used as a towel rack. The rear grab bar was obstructed by more towels and other stored items. Those additional towels were too high. The flush control was on the wrong side. The commode was obstructed by the portable shower seat. The sink pipes were unwrapped. The room had a roll-in shower, but the shower was smaller than the dimensions required. The grab bar along the back wall was too short. The shower wand was not set low enough for wheelchair patrons to reach. The shower also had a steep threshold and access to it was partially obstructed by the stored portable seat. The door to the restroom had a trash can obstructing access to the knob. The coat hook was too high. In the main sleeping room, the door to the restroom had insufficient latch side clearance, having been blocked by a cabinet. The door exiting the room also lacked sufficient latch side clearance. The doors

|   |   |
|---|---|
|   | opened into each other, thus further preventing sufficient maneuvering. Amenities in the closet, the door peephole, door lock and thermostat were all too high. The light had an improper operating mechanism that required tight grasping, pinching and twisting of the wrist to operate. The space between the side of the bed and the adjacent wall were too narrow, as was the space between the end of the bed and the desk chair. The desk was too low to get a wheelchair underneath. |
| 9. | On June 5, 2018, Plaintiff visited the property which forms the basis of this lawsuit and plans to return to the property in the near future to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. These barriers discriminate against Plaintiff against her on the basis of her disability. |
| 10. | Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. |
| 11. | The violations present at Defendant's facility create a hazard to Plaintiff's safety. |
| 12. | Plaintiff intends to return to the property in the near future, but is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination. |
| 13. | The violations present at Defendant's facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and |

humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public. The harm suffered by Plaintiff constitutes a present, continuous and ongoing injury.

14. Plaintiff has suffered, presently suffers and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

15. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations above. In addition to the fact that Plaintiff suffers ongoing and present injury, Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Terrace Hotel not

7

only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff intends to revisit the facility in the near future, not to be later than 8 months from the present date.

16. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

17. The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's

place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

18. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Terrace Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by

closing the facility until such time as the Defendant cures its violations of the ADA.

### COUNT II - VIOLATIONS OF THE ADA - ONLINE RESERVATION SYSTEM

21. The allegations set forth above are incorporated herein by reference as if set forth fully hereunder.

22. Defendant owns and/or operates, itself and through third parties, an online reservations system enabling the general public to review its website and book reservations at the subject hotel. These websites are located at www.terracehotel.com and through www.booking.com, specifically https://www.booking.com/hotel/us/terrace.html?aid=311088;label=terrace-epOyTsh_cgrnwUVWl33w4gS162162007567%3Apl%3Ata%3Ap1%3Ap2%3Aac%3Aap1t1%3Aneg%3Afi%3Atiaud-285284109726%3Akwd-186704536%3Alp9011864%3Ali%3Adec%3Adm;sid=08e963b8882bda37a88cc942fe03b57c;dest_id=20022930;dest_type=city;dist=0;hapos=1;hpos=1;room1=A%2CA;sb_price_type=total;srepoch=1520294220;srfid=eea875e0d55d3cdf69eae9720576633568aa5545X1;srpvid=773da865876f01b4;type=total;ucfs=1&#hotelTmpl. (Hereinafter collectively "website"). The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the hotel.

23. Defendant is under a legal obligation to comply with 42 U.S.C. Section 12182(b)(2)(A)(ii), which defines discrimination as: "a failure to make reasonable

modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities[.]"

24. Pursuant to 42 U.S.C. Section 12182(b)(2)(A)(ii), the Department of Justice promulgated a regulation, at 28 C.F.R. Section 36.302(e)(1), governing hotel online reservations systems, (hereinafter "Regulation") which states as follows:

> **Reservations made by places of lodging.** A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

25. This regulation became effective March 15, 2012.

26. Defendant recently updated this website. Defendant's revised website now claims that its rooms and many features are "accessible". These include "accessible" guest rooms, valet and self parking, registration desk, common area restrooms,

bar/lounge, dining room and breakfast facility, elevator, accessible routes from the parking and to the entrance.

27. Plaintiff reviewed Defendant's website and relied on Defendant's claims that all of the above features are "accessible". Plaintiff attempted to reserve an "accessible" guest room, but discovered that the website did not allow for the booking of such rooms, in violation of 28 C.F.R. Section 36.302(e)(1)(i), as such rooms could not be reserved in the same manner as other non-accessible guest rooms.

28. On June 5, 2018, Plaintiff stayed at the hotel. There, she discovered that Defendant's website claims of accessibility were untrue. In this regard, Plaintiff encountered the following inaccessible features:

(a) There is no compliant area for wheelchair patrons to embark or disembark from their vehicles at the Valet Parking area.

(b) In the self parking area, there are no handicap parking spaces. The asphalt is broken and cracked and has loose gravel. The route from this area to the entrances of the hotel has a non-compliant ramp, with no handrails and steep side flares.

(c) The principal entrances to the hotel have steps, with no signage directing wheelchair patrons to the only ramp serving the hotel.

(d) To access the ramp serving the hotel, wheelchair patrons must traverse a curb ramp, which is obstructed at the bottom by a lamp post and has no level landings either at the top or the bottom.

(e) The ramp leading to the entrance has handrails that lack required extensions at the top and bottom.

(f)   There is no lowered portion of the check in counter.

(g)   The hotel has a "Terrace Grill" that is primarily served by steps. To access this premises, it is necessary for wheelchair patrons to travel all the way around the hotel and enter it from the inside.

(h)   The elevator is too small for wheelchair maneuvering.

(i)   In the lobby restroom, one commode grab bar is obstructed by stored items. The toilet seat dispenser and coat hook are too high. The sink is inaccessible because it has unwrapped pipes.

(j)   In the "accessible" guest room, the commode side grab bar was used as a towel rack. The rear grab bar was obstructed by more towels and other stored items. Those additional towels were too high. The flush control was on the wrong side. The commode was obstructed by the portable shower seat. The sink pipes were unwrapped. The room had a roll-in shower, but the shower was smaller than the dimensions required. The grab bar along the back wall was too short. The shower wand was not set low enough for wheelchair patrons to reach. The shower also had a steep threshold and access to it was partially obstructed by the stored portable seat. The door to the restroom had a trash can obstructing access to the knob. The coat hook was too high. In the main sleeping room, the door to the restroom had insufficient latch side clearance, having been blocked by a cabinet. The door exiting the room also lacked sufficient latch side clearance. The doors opened into each other, thus further preventing sufficient maneuvering. Amenities in the closet, the door peephole, door lock and thermostat were all too high. The

13

light had an improper operating mechanism that required tight grasping, pinching and twisting of the wrist to operate. The space between the side of the bed and the adjacent wall were too narrow, as was the space between the end of the bed and the desk chair. The desk was too low to get a wheelchair underneath.

29. The Defendant's website claims of accessibility is untrue, false and misleading and therefore violates the Regulation. Moreover, Defendant posted these claims on its website with knowledge of their falsity and therefore intentionally violates the Regulation and intentionally discriminates against the disabled.

30. In the near future, Plaintiff intends to revisit Defendant's website in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the hotel.

31. Plaintiff is continuously aware that the subject website remains non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless she is willing to suffer additional discrimination.

32. The violations present at Defendant's website infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate a website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services,

facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the website unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

33. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

34. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

35. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

36. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

37. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

38. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject website to make it readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of 28 C.F.R. Section 36.302(e).

d. Injunctive relief against the Defendant including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement.

e. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

f.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Respectfully Submitted,

Bridget Fields, Esq.
Law Office of Bridget Fields
The Administrative Law Group P.A.
322 East Central Boulevard #605
Orlando, FL 32801
ph. (407) 506-7163
Bridget.Fields11@gmail.com
Florida Bar. Id. No. 91068

By: /s/Bridget Fields
    Bridget Fields, Esq.